UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO.   25-CR-   (TJK) |
| | : | |
| v. | : | MAGISTRATE NO. 25-MJ-179 (GMH) |
| | : | |
| | : | VIOLATIONS: |
| DAMION ALEXANDER PEDDIE, | : | 18 U.S.C. § 922(g)(1) |
| | : | (Unlawful Possession of a Firearm and |
| Defendant. | : | Ammunition by a Person Convicted of a |
| | : | Crime Punishable by Imprisonment for a |
| | : | Term Exceeding One Year) |
| | : | 18 U.S.C. § 922(g)(5) |
| | : | (Alien in Possession of a Firearm and |
| | : | Ammunition) |
| | : | 8 U.S.C. § 1326(a) and (b)(2) |
| | : | (Illegal Re-entry of Removed Aliens) |
| | : | |
| | : | FORFEITURE: |
| | : | 21 U.S.C. § 853(a) and (p) |
| | : | 18 U.S.C. § 924(d) |
| | : | 28 U.S.C. § 2461(c) |

**INFORMATION**

The United States Attorney charges that:

**COUNT ONE**

On or about August 26, 2025, in the District of Columbia, the Defendant, **DAMION ALEXANDER PEDDIE**, knowing that he had been convicted of a crime punishable by imprisonment for a term exceeding one year, in D.C. Superior Court Case No. F130-91C, did unlawfully and knowingly possess a firearm, that is, a .22 caliber revolver, and did unlawfully and knowingly possess ammunition, that is, 9mm ammunition, which had been possessed, shipped, and transported in and affecting interstate and foreign commerce.

**(Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1))**

1

## COUNT TWO

On or about August 26, 2025, in the District of Columbia, the Defendant, **DAMION ALEXANDER PEDDIE**, knowing that he was an alien illegally and unlawfully in the United States, did unlawfully and knowingly possess a firearm, that is, a .22 caliber revolver, and did unlawfully and knowingly possess ammunition, that is, 9mm ammunition, which had been possessed, shipped, and transported in and affecting interstate and foreign commerce.

**(Alien in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. § 922(g)(5))**

## COUNT THREE

On or about August 26, 2025, in the District of Columbia, the Defendant, **DAMION ALEXANDER PEDDIE**, an alien, was found in the United States having been previously removed from the United States on or about March 21, 2020, subsequent to a conviction for commission of an aggravated felony in D.C. Superior Court Case No. F130-91C, and not having obtained the express consent of the Attorney General of the United States or the Secretary of Homeland Security to reapply for admission to the United States.

**(Illegal Reentry of Removed Aliens, in violation of 8 U.S.C. § 1326(a) and (b)(2))**

## FORFEITURE ALLEGATION

Upon conviction of the offense alleged in Counts One and Two, the defendant shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a), any property constituting or derived from any proceeds obtained, directly or indirectly, as the result of these offenses; and any property used or intended to be used, in any manner or part, to commit or to facilitate the commission of this offense.

Upon conviction of the offenses alleged in Counts One and Two in this Information, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. §

2461(c), any firearms and ammunition involved in or used in the knowing commission of the offense.

### SPECIFIC PROPERTY SUBJECT TO FORFEITURE

The property subject to forfeiture includes, but is not limited to, the following property:

1. One H&R 32 S&W Revolver bearing serial number AM23798
2. One Unserialized AR-Style Pistol
3. One High Point 9x19 Model 995 firearm bearing serial number F117722
4. One .22 caliber revolver bearing serial number 4717
5. One Unserialized 9mm Polymer 80 handgun
6. Assorted ammunition

### MONEY JUDGMENT

The United States will also seek forfeiture money judgment against the defendant equal to the value of any property constituting or derived from any proceeds obtained, directly or indirectly, as the result of these offenses and any property used, or intended to be used, in any manner or part, to commit or to facilitate the commission of this offense, and any property traceable to such property.

### SUBSTITUTE ASSETS

If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

(a)   cannot be located upon the exercise of due diligence;

(b)   has been transferred or sold to, or deposited with, a third party;

(c)   has been placed beyond the jurisdiction of the Court;

(d)   has been substantially diminished in value; or

(e)   has been commingled with other property that cannot be divided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to 21 U.S.C. §853(p).

> (**Criminal Forfeiture**, pursuant to 18 U.S.C. § 924(d); 21 U.S.C. §853(a) and (p), and 28 U.S.C. § 2461(c)).

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By:   */s/ Matthew W Kinskey*
MATTHEW W. KINSKEY
JOHN PARRON
JOHN CRABB, JR.
D.C. Bar No. 1031975 (Kinskey)
PA Bar No. 324503 (Parron)
N.Y. Bar No. 2367670 (Crabb)
Assistant United States Attorneys
Violent Crime and Narcotics Trafficking Section
601 D Street, NW
Washington, D.C. 20530